**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SHALABY JAMES SHAKIR,  :
: Civil Action No. 05-2980 (WJM)
       Petitioner, :
:
    v. : **O P I N I O N**
:
STATE OF NJ, et al., :
:
       Respondents. :

---

**APPEARANCES:**

Shalaby James Shakir, Pro Se
c/o Holland
120 Union Street
Jersey City, NJ 07305

**MARTINI**, District Judge

    This matter is before the Court on petitioner Shalaby James Shakir's application for habeas corpus relief under 28 U.S.C. § 2254. For reasons now discussed, the Court finds that this application must be dismissed for lack of jurisdiction as the petitioner is not "in custody," as required by 28 U.S.C. § 2254.

BACKGROUND

    In 1998, Petitioner was sentenced to a maximum term of ten years incarceration in the Superior Court of New Jersey after convictions for various sex crimes against minors in violation of New Jersey state law. On June 10, 2005, Petitioner filed the

instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner listed his address as "Released from Northern State Prison."  The Clerk of the Court docketed Petitioner's address as being at Northern State Prison.  However, mail sent to the Petitioner at his listed address at Northern State Prison was returned to the Clerk of the Court marked "Released 7/12/04."

Upon obtaining Petitioner's correct address, this Court issued an Order to Show Cause to Petitioner, directing Petitioner to demonstrate to the Court that he was "in custody" for purposes of habeas review.  Petitioner responded to the Court's Order to Show Cause on January 5, 2006.  Petitioner states that he is subject to "Megan's Law," New Jersey's sex offender statutes, for life supervision.  See N.J.S.A. 2C:7-2, et seq.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of <u>a person in custody pursuant to the judgment of a State court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis added).  A federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement.  Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal

2

habeas corpus jurisdiction."  United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972).

"Custody" is defined not only as physical confinement, but would include circumstances entailing such limitations on a person's liberty as those imposed during parole.  See Maleng v. Cook, 490 U.S. 488, 491 (1989); see also Hensley v. Municipal Court, 411 U.S. 345 (1973) (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement). Nonetheless, a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.  See Maleng, 490 U.S. at 491.

In this case, the petitioner is not "in custody" for purposes of 28 U.S.C. § 2254.  In Williamson v. Gregoire, the Ninth Circuit addressed the question of whether a convicted child molester who had finished serving his sentence but was required to register under Washington state law as a sex offender, was "in custody" for purposes of § 2254.  151 F.3d 1180, 1182 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999).  The court observed that the "in custody" requirement has been expanded to include liberty restraints such as parole, released on own recognizance, and sentences of 14 hours at an alcohol rehabilitation program;

3

nevertheless, the Supreme Court has made clear that once a sentence is completely expired, collateral consequences are not sufficient to render the person "in custody."  See id. at 1182-83 (citing Maleng, 490 U.S. at 492).  For example, collateral consequences such as fines, revocations of licenses, and the inability to vote or serve as a juror were not considered "custody" for purposes of habeas relief.  See id. at 1183 (citations omitted).

The court held that the Washington sex offender law was more properly characterized as a "collateral consequence of conviction" rather than a restraint on liberty.  See id.  The court found that the statute did not place a "significant restraint on Williamson's physical liberty," and did not require any personal appearances by Williamson.  Id. at 1183-84.  Further, the court noted that the registration requirement did not limit his movement or deny him entry to anywhere he may wish to go, although it may create "some kind of subjective chill on [his] desire to travel."  Id. at 1184.  The court found that "the constraints of this law lack the discernible impediment to movement that typically satisfies the 'in custody' requirement." Id.; see also Leslie v. Randle, 296 F.3d 518, 522-23 (6th Cir. 2002)(reaching same result as Williamson but analyzing Ohio's sexual predator statute); Henry v. Lungren, 164 F.3d 1240, 1242

(9th Cir. 1999)(reaching same result as <u>Williamson</u> but analyzing California's sex offender registration law).

This Court has compared the Washington sex offender registration requirements to New Jersey's sex offender registration requirements and have found them substantially similar.[1]  <u>See</u> W<small>ASH</small>. R<small>EV</small>. C<small>ODE</small> § 9A.44.130; <u>N.J.S.A.</u> 2C:7-2, <u>et seq.</u>  Further, this Court agrees with the reasoning of the Ninth Circuit in <u>Williamson</u> and holds that the petitioner, although he is subject to New Jersey's sex offender registration requirements, is not "in custody" for purposes of § 2254.  The New Jersey law does not restrict the petitioner's liberty, in that it does not prevent him from traveling, and does not require him to make appearances before state officials.  The requirement to register is a collateral consequence to his conviction, and therefore, does not satisfy the "in custody" requirement of habeas review.

---

[1] The Washington sex offender registration statute, analyzed by the Ninth Circuit in <u>Williamson</u>, and the New Jersey sex offender registration statute both provide, in relevant part, that a person convicted of committing any sex or kidnapping offense, or who has been found not guilty of such offense by reason of insanity is required to register with the county sheriff or the municipality.  The person is to provide their name, address, date and place of birth, place of employment, crime for which convicted, date and place of conviction, social security number, and fingerprints.  There are deadlines to registering, and consequences for failure to register.  <u>See</u> W<small>ASH</small>. R<small>EV</small>. C<small>ODE</small> § 9A.44.130; <u>N.J.S.A.</u> 2C:7-2, <u>et</u> <u>seq.</u>

**CONCLUSION**

Because the petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254, and therefore does not challenge the fact or duration of his confinement, this Court does not have jurisdiction to grant his application.  The Petition for a Writ of Habeas Corpus will be dismissed.

The Court further finds that no certificate of appealability will issue because the petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.  The Court will enter an appropriate Order.

s/William J. Martini

　　　　　　　　　　　　　　　　　　　　　WILLIAM J. MARTINI
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: January 16 , 2006